IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRISTAN TANNER, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC. | ) | JURY TRIAL DEMANDED |
| and | ) | |
| EQUIFAX INFORMATION | ) | NON-ARBITRATION |
| SERVICES LLC | ) | |
| and | ) | |
| NATIONAL CREDIT SYSTEMS, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Tristan Tanner, against Experian Information Solutions, Inc., Equifax Information Services LLC, and National Credit Systems, Inc., (collectively "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff Tristan Tanner is an adult individual residing in New London, CT.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in the District of Connecticut, and which has a principal place of business located at 5 Century Drive, Parsippany, NJ 07054.

6. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the District of Connecticut, and which has a principal place of business located at 815 E. Gate Drive, Suite 102, Mount Laurel, NJ.

7. Defendant National Credit Systems, Inc., ("NCS") is a business entity that regularly conducts business in the District of Connecticut, and which has a principal place of business located at 1775 The Exchange SE Suite 300, Atlanta, GA, 30339, USA.

## FACTUAL ALLEGATIONS

8. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information") from at least April 2023 through the present. The inaccurate information pertains to a debt collection account with NCS.

9. Specifically, Defendants are falsely reporting that Plaintiff failed to pay a balance for an account with Cortland and are falsely reporting that the account is now in collections.

10. In fact, the subject debt was satisfied in full long before NCS began its attempts to collect.

11. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

12. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown. Defendants Experian and Equifax

have repeatedly published and disseminated consumer reports to third parties from at least April 2023 through the present.

13. Plaintiff has disputed the inaccurate information with Defendants Experian and Equifax by following Defendant's established procedures for disputing consumer credit information.

14. Plaintiff has disputed the inaccurate information with Defendants from at least April 2023 through the present.

15. Notwithstanding Plaintiff's efforts, Experian, and Equifax have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Experian and Equifax continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Experian and Equifax have repeatedly published and disseminated consumer reports to such third parties from at least April 2023 through the present.

16. Despite Plaintiff's efforts, Experian and Equifax have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and/or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

17. Notwithstanding Plaintiff's disputes, NCS, furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, and has willfully continued to report such inaccurate information to various credit reporting agencies.

18. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA and FDCPA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

19. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

20. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA
**(Plaintiff v. Experian & Equifax)**

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Experian and Equifax were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian and Equifax are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

27. The conduct of Experian and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian and Equifax are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT II – VIOLATIONS OF THE FCRA
### (Plaintiff v. NCS)

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. At all times pertinent hereto NCS was a "person" as that term defined by 15 U.S.C. § 1681a(b).

30. At all times pertinent hereto NCS was a "furnisher" of credit information as defined by the FCRA.

31. NCS violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

32. NCS's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result NCS is liable to compensate Plaintiff for the full amount of statutory, actual and

punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

33.    Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e)    Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

*/s/ Sarah Poriss*
Sarah Poriss, Esq.
SARAH PORISS, ATTORNEY AT LAW, LLC
777 Farmington Ave.
West Hartford, CT 06119
Ph 860-233-0336
sarahporiss@prodigy.net

Joseph L. Gentilcore, Esq.*
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, 25th Floor
Philadelphia, PA 19103
(215) 735-8600
jgentilcore@consumerlawfirm.com
* *Application for admission*
*pro hac vice forthcoming*

Dated: February 29, 2024    ***Attorneys for Plaintiff***